UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:18-cr-60357-UU/PMH

UNITED STATES OF AMERICA

v.

RYAN JOSEPH GASCOIGNE,

    Defendant.

_____/

# ORDER ON MAGISTRATE'S REPORT AND RECOMMENDATION

THIS CAUSE is before the Court upon Defendant's Motion to Suppress (D.E. 20) and Amended Motion to Suppress (D.E. 28) (the "Motion").

THE COURT has reviewed the Motion and pertinent parts of the record and is otherwise fully advised in the premises.

Defendant moves to suppress evidence obtained during a routine traffic stop for failing to wear a seatbelt. The relevant evidence at the suppression hearing, briefly summarized, was as follows:

Detective Michael Merrill of the Broward Sheriff's Office, the sole witness for the Government, testified that he stopped the Defendant while driving a vehicle because he could see that the Defendant was not wearing a seatbelt. He further testified that upon stopping Defendant, he smelled cannabis coming from the inside of the car and, therefore, searched the inside of the car, including a backpack and notebook in the backpack for cannabis. Upon leafing through the notebook, he immediately noticed that pages of the notebook contained what appeared to him to be social security numbers, names and dates of birth. During the stop, Detective Merrill asked Defendant if the notebook was his and he said it was not his notebook. Subsequent investigation confirmed the presence of personal identifying information ("PII"), and revealed that Defendant

1

did not have authorization to be in possession of the and some of the individuals listed were victims of identity theft. The Defendant testified that he was wearing a seatbelt and that therefore, Detective Merrill lacked a legal basis to stop him and denied that there was an odor of marijuana justifying the search. Importantly, he also admitted that he denied ownership of the notebook during the traffic stop.

This matter was referred to U.S. Magistrate Judge Patrick M. Hunt who, on October 17, 2019, following an evidentiary hearing, issued a Report (D.E. 38) (the "Report") recommending that the Motion be DENIED for the following reasons: (1) the initial stop of Defendant's vehicle was valid when Det. Merrill observed Defendant driving without his seatbelt on; (2) there was probable cause to search Defendant's vehicle and backpack therein for contraband when Det. Merrill smelled cannabis emanating from the vehicle; (3) Det. Merrill's initial search of Defendant's notebook was reasonable; and (4) the seizure and the Economic Crimes Unit's subsequent warrantless search of the notebook was constitutional because Defendant abandoned the notebook when he denied ownership of it during the traffic stop, and, even if the notebook had not been abandoned, the contents of the notebook were in plain view while Det. Merrill was checking the notebook for marijuana. Magistrate Judge Hunt credited Det. Merrill's testimony, and found that Defendant's conflicting testimony was incredible given that he admitted to lying about other matters on the date of the stop.

Defendant filed Objections to the Report on October 23, 2019 (D.E. 40), to which the Government replied (D.E. 42). Defendant objects to the Report's findings that (1) Defendant abandoned the notebook and (2) that there was no need to obtain a warrant before the Economic Crimes Unit searched the notebook. The Report sufficiently addresses these objections. D.E. 38 at 7–8; *id.* at 10 (distinguishing *United State v. Khoury*, 901 F.2d 948 (11th Cir. 1990) and

highlighting the immediately apparent "evidentiary value . . . [of] what [Det. Merrill] believed to be evidence of a crime, not an item of personal value to its owner"). As to the first objection, unless there is police misconduct, "disclaiming ownership or knowledge of an item ends a legitimate expectation privacy in that item." *United States v. Hawkins*, 681 F.2d 1343, 1345 (11th Cir. 1982); *United States v. Pirolli*, 673 F.2d 1200, 1204 (11th Cir. 1982). Second, there is "no protected privacy interest . . . in a container once government officers lawfully have opened that container and identified its contents as illegal." *Illinois v. Andreas*, 463 U.S. 765, 771 (1983). The nature of the PII was immediately apparent to Det. Merrill, who legally searched the notebook based on probable cause to believe the vehicle contained contraband. As the Report concludes, the Economic Crimes Unit did not need a warrant to search the notebook.

Upon *de novo* review, the Court agrees with Magistrate Judge Hunt's recommendations and concurs in all his findings. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Report, D.E. 38, is RATIFIED, ADOPTED, and AFFIRMED. It is further

ORDERED AND ADJUDGED that the Motion to Suppress and Amended Motion to Suppress, D.E. 20 and D.E. 28, are DENIED.

DONE AND ORDERED in Chambers in Miami, Florida, this _28th_ day of October, 2019.

*[signature: Ursula Ungaro]*

———————————————
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
Magistrate Judge Hunt
Counsel of record via CM/ECF